# NO. 12-18-00244-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RANDALL RAY WATSON, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Randall Ray Watson, Jr. appeals his conviction for possession of a controlled substance. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of possession of a controlled substance, namely, phencyclidine, in an amount of one gram or more, but less than four grams, including any adulterants and dilutants, a third degree felony.[1] The indictment also included two felony enhancement paragraphs. Appellant pleaded "not guilty," and the case proceeded to a jury trial.

At trial, Joshua Smedley, an officer with the City of Tyler Police Department, testified that he received a call about 4 o'clock in the morning on January 1, 2018, stating that a vehicle ran a red light, had been speeding, and was presently sitting on the westbound lane of a city street.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (West 2017).

Smedley and another officer, Brandon Lott, with the City of Tyler Police Department, approached the vehicle and Smedley identified Appellant as the driver. According to Smedley, Appellant appeared dazed, had very distinct pupils, slurred speech to the point of being barely understandable, had trouble answering questions, and seemed confused. Lott characterized Appellant as very lethargic, very slow to respond, very uncoordinated, and not appearing to know what was occurring. Lott noticed two "wet" cigarettes on the passenger seat of Appellant's vehicle and signaled Smedley to put Appellant in handcuffs.

After handcuffing Appellant, Smedley attempted to question him about his name, address, and birth date. Smedley's body camera showed that Appellant's speech was slurred and indistinct, and Smedley was unable to understand him. Based on Appellant's actions, Smedley believed he was high or intoxicated on a controlled substance. When Smedley returned to Appellant's vehicle, he also saw the two "wet" cigarettes on the front passenger seat. According to Smedley, a "wet" cigarette has been dipped in phencyclidine (PCP) or embalming fluid. Persons who use PCP tend to be extremely violent or in a zombie like state and can change from one to the other quickly. Further, Lott testified that he smelled PCP in Appellant's vehicle. Lott collected the "wet" cigarettes and conducted presumptive field testing. Then, the officers arrested Appellant for possession of PCP.

Stephanie Jackson, a forensic scientist with the Texas Department of Public Safety Crime Laboratory, testified that a presumptive test of the "wet" cigarette indicated the presence of phencyclidine or PCP. A confirmatory test through a gas-chromatograph-mass spectrometer (GC-MS) showed that the evidence contained phencyclidine or PCP. According to Jackson, the weight of the cigarette was 1.09 net grams.

At the conclusion of the trial, the jury found Appellant guilty of possession of a controlled substance. Appellant pleaded "true" to both felony enhancement paragraphs. During the punishment trial, the evidence showed that Appellant had been convicted of approximately sixteen additional offenses from 1997 through 2017, including possession of a controlled substance twice, possession of marijuana twice, theft of a vehicle, driving while intoxicated twice, theft of property, driving with license invalid with previous conviction or suspension twice, driving while license suspended twice, failure to identify/fugitive from justice, criminal trespass, robbery, and criminal trespass in habitation. The evidence also showed that he was diagnosed with schizoaffective disorder, depressed type, and had been treated at the Andrews Center since 2009. After the

punishment trial, the jury found both enhancement paragraphs to be "true" and assessed Appellant's punishment at fifty years of imprisonment.[2] This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3] We reviewed the record for reversible error and found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

### CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted*, and the trial court's judgment is *affirmed*. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he

---

[2] If it is shown on the trial of a felony offense other than a state jail felony that the defendant has previously been convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment for life, or for any term of not more than ninety-nine years or less than twenty-five years. *See* TEX. PENAL CODE ANN. § 12.42(d) (West 2019).

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such brief has expired and no pro se brief has been filed.

must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or, if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered October 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER 31, 2019

### NO. 12-18-00244-CR

**RANDALL RAY WATSON, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0217-18)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*